**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimbaly Hardwick, | No. CV-26-00992-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Arion Care Solutions, et al., | |
| Defendants. | |

Plaintiff Kimbaly Hardwick filed a complaint and an application for leave to proceed in forma pauperis. (Docs. 1, 2.) Hardwick is entitled to proceed in forma pauperis but granting that application allows the court to determine whether the complaint states any claims on which she might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And while the court must construe a pro se complaint liberally, that "does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

Hardwick's complaint does not contain any meaningful factual allegations explaining why she is suing the four individuals named as defendants. (The complaint

identifies "Arion Care Solutions" as the defendant in its caption but only lists four individuals as the defendants later in the complaint.) In specifying the jurisdictional basis for her suit, Hardwick checked boxes indicating her claims are brought under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, and a collection of state and federal laws that she identifies as providing "whistleblower protection" and "non retaliation." (Doc. 1 at 3.) Hardwick then checked boxes indicating her claims are based on termination of her employment and retaliation. The allegedly discriminatory acts occurred on October 1, 2024. (Doc. 1 at 4.) There are no additional allegations explaining the basis for this suit.

Hardwick attached numerous documents to her complaint. Those documents appear to be a collection of emails, texts, police reports, and court records involving Hardwick's contacts with Arion Care Solutions and its employees. Even if it were proper to consider the documents at this stage, they do not provide any additional guidance on why Hardwick filed this suit.

Hardwick is given leave to file an amended complaint. If she does so, Hardwick must explain in simple terms her relationship with each defendant, what each defendant did, and why those actions were contrary to law.

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** no later than **March 6, 2026**, plaintiff shall file an amended complaint. The Clerk of Court is directed to enter a judgment of dismissal if no amended complaint is filed by that date.

Dated this 17th day of February, 2026.

Honorable Krissa M. Lanham
United States District Judge