**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimbaly Hardwick, | No. CV-26-00992-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Arion Care Solutions, et al., | |
| Defendants. | |

The court dismissed plaintiff Kimbaly Hardwick's original complaint and her amended complaint. (Docs. 6, 8.) Both of those complaints were difficult to understand but based on the amended complaint, it appeared Hardwick was attempting to sue her former employer, defendant Arion Care Solutions, based on events connected to her employment. The order dismissing the amended complaint contained clear instructions on the additional allegations Hardwick would need to include to pursue claims under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Arizona Civil Rights Act, and under state law for unpaid wages. (Doc. 8 at 4-6.) Although she was granted leave to amend, the court noted that would be Hardwick's "final opportunity." (Doc. 8 at 6.)

Hardwick filed a second amended complaint that identifies Arion and a number of individuals as defendants. The second amended complaint is 34 pages long, but its only meaningful factual allegations appear on a single page entitled "Statement of Claim." The following allegations are drawn from that page. (Doc. 9 at 7.)

Hardwick alleges she was employed by Arion "as a paid parent provider" for her son. It seems that all the individuals named as defendants were also Arion employees. At some point, Hardwick "requested $40,000.00 in wages withheld through a 'Pyramid' scheme, in violation of the Fair Labor Standards Act and standard Arizona contract law." There is no explanation why Hardwick believes she was entitled to $40,000 in wages nor any explanation how those wages were part of a "Pyramid scheme." After Hardwick demanded those wages, "Defendants began a retaliatory 'Financial Siege,' illegally stopping [her] ability to bill." Hardwick does not identify which defendants took these retaliatory actions or how preventing her from billing constituted a "Financial Siege."

Separate from the alleged "Financial Siege," defendant Paul Hestand retaliated against Hardwick by "filing a false Adult Protective Services report." For unexplained reasons, Hardwick perceived Hestand's action "as an act of attempted kidnapping." Defendant Brandon Ethridge then required Hardwick sign documents "during an unauthorized home visit." That visit caused Hardwick "emotional distress and recurring nightmares."

Defendants Janine Polito and Jennifers Sellers "abused their authority and violated [Hardwick's] rights under the [ADA] . . . by demanding [Hardwick], a 9/11 Survivor, submit to an illegal psychological evaluation based on unsubstantiated 'Bipolar' hearsay." Defendants then used Hardwick's "perceived mental health status as a pretext to terminate" her employment. Hardwick seeks "compensatory damages in excess of $7,000,000.00."

Hardwick believes these facts establish she was discriminated against based on her race, age, and perceived disability. (Doc. 9 at 5.) Hardwick also seems to be alleging federal and state-law claims for unpaid wages. As with her previous complaints, Hardwick has not provided sufficient facts to support any of her claims. The court previously informed Hardwick that "claims under Title VII, the ADA, the ADEA, or the Arizona Civil Rights Act" could only be brought against Arion. (Doc. 8 at 4.) Despite that, Hardwick still names other employees of Arion as defendants. The court also informed Hardwick that she would need to allege facts indicating the harmful actions taken against her were because of her

race, age, or disability. (Doc. 8 at 5.) Hardwick did not include any such allegations. Similarly, Hardwick was told her retaliation claims (including for alleged "whistleblower" retaliation) required allegations "showing a link between her protected activity and the adverse employment action." (Doc. 8a t 5.) The second amended complaint contains no such facts. For her wage claims, the court told Hardwick to provide some information about the hours she worked and why she was entitled to additional compensation. Instead of that, Hardwick merely alleges she demanded $40,000 but did not receive it. The second amended complaint is dismissed for failure to state a claim on which relief might be granted.

Hardwick was given three chances to state a claim for relief but her latest complaint does not provide sufficient facts to support any claim. It would be futile to allow additional amendments. In these circumstances, additional leave to amend is not appropriate. *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Rsrv., N. Dakota & S. Dakota v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("futility and prior amendment" support denial of leave to amend).

**IT IS ORDERED** the second amended complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 8th day of April, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -